UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| Parker Jr., Gary L | § | Case No. 17-36070 |
| | § | |
| | § | |
| Debtors(s) | § | |

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 12/04/2017. The undersigned trustee was appointed on 12/04/2017.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. §522, or have been or will be abandoned pursuant to 11 U.S.C. §554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

| | | |
|---|---|---:|
| 4. The trustee realized gross receipts of | $ | 35,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative Expenses | | 0.00 |
| Bank Service Fees | | 0.00 |
| Other Payments to Creditors | | 0.00 |
| Non-Estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the Debtor | | 0.00 |
| Other Payments to Debtor | | 0.00 |
| Leaving a balance on hand of [1] | $ | 35,000.00 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) Page 1

The remaining funds are available for distribution.

　　　5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

　　　6. The deadline for filing non-governmental claims in this case was 12/11/2018 and the deadline for filing governmental claims was 12/11/2018. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C.**

　　　7. The Trustee's proposed distribution is attached as **Exhibit D.**

　　　8. Pursuant to 11 U.S.C. §326(a), the maximum compensation allowable to the trustee is $4,250.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests a sum of $4,250.00, for a total compensation of $4,250.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $5.00 for total expenses of $5.00.[2]

　Pursuant to Fed. R. Bank. P. 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date : 03/14/2019　　　　　　　　　　By : /s/ Elizabeth C. Berg
　　　　　　　　　　　　　　　　　　　　　Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4 (a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: | 17-36070 | Judge: | Janet S. Baer | Trustee Name: | Elizabeth C Berg |
|---|---|---|---|---|---|
| Case Name: | Parker Jr., Gary L | | | Date Filed (f) or Converted (c): | 12/04/2017 (f) |
| | | | | 341(a) Meeting Date: | 01/08/2018 |
| For Period Ending: | 03/14/2019 | | | Claims Bar Date: | 12/11/2018 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 1. | 4 N. 228 Mark Twain Street, St. Charles, IL 60175 Debtor's 50% interest -Stay lifted in favor of JP Morgan Chase per order 2/3/18 [Dkt. 21] -Stay lifted in favor of Bayview Loan per order 4/20/18 [Dkt. 33] -Stay lifted in favor of Krista Parker and Trustee compelled to abandon per order 9/7/18 [DKt. 52] | 240,000.00 | 0.00 | OA | 0.00 | FA |
| 2. | 2013 335i BMW -Stay lifted per order 2/16/18 [Dkt. 25] | 29,000.00 | 0.00 | | 0.00 | FA |
| 3. | 2016 Dodge Ram Leased vehicle, no equity -Stay lifted per order 9/30/18 [Dkt. 58] | 26,000.00 | 0.00 | | 0.00 | FA |
| 4. | 1986 Ford Bronco | 2,350.00 | 0.00 | | 0.00 | FA |
| 5. | 2018 Volkswagon Tiguan | 35,070.00 | 0.00 | | 0.00 | FA |
| 6. | Mattress | 100.00 | 0.00 | | 0.00 | FA |
| 7. | TVs, iPad, Receiver | 250.00 | 0.00 | | 0.00 | FA |
| 8. | Golf clubs | 50.00 | 0.00 | | 0.00 | FA |
| 9. | Ordinary wearing apparel | 250.00 | 0.00 | | 0.00 | FA |
| 10. | Watches | 100.00 | 0.00 | | 0.00 | FA |
| 11. | Cash | 50.00 | 0.00 | | 0.00 | FA |
| 12. | Chase Bank Checking | 800.00 | 0.00 | | 0.00 | FA |
| 13. | Chase Bank Savings | 2,500.00 | 0.00 | | 0.00 | FA |
| 14. | 401(k) Stark | Unknown | 0.00 | | 0.00 | FA |
| 15. | Pension Promotion in Motion | Unknown | 0.00 | | 0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: | 17-36070 | Judge: | Janet S. Baer | Trustee Name: | Elizabeth C Berg |
|---|---|---|---|---|---|
| Case Name: | Parker Jr., Gary L | | | Date Filed (f) or Converted (c): | 12/04/2017 (f) |
| | | | | 341(a) Meeting Date: | 01/08/2018 |
| For Period Ending: | 03/14/2019 | | | Claims Bar Date: | 12/11/2018 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 16. Security Deposit Gordon Source | 2,500.00 | 0.00 | | 0.00 | FA |
| 17. Commission - from PIM paid 12/28/17 (u) Trustee negotiated with Debtor for a settlement of the Estate's claims against the commission.  Motion approved per order 10/19/18 [Dkt. 61].  Trustee recovered $35,000.00 pursuant to the approved settlement | 0.00 | 55,000.00 | | 35,000.00 | FA |
| | | | | | **Gross Value of Remaining Assets** |
| **TOTALS (Excluding Unknown Values)** | 339,020.00 | 55,000.00 | | 35,000.00 | 0.00 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

March 11, 2019: The Debtor failed to deliver the settlement proceeds to the Trustee by the due date of October 29, 2018. Trustee continued to pursue collection of the settlement proceeds. On December 18, 2018, a default judgment was entered against the Debtor in the adversary proceeding commenced by the UST and the Debtor's discharge was denied.  Shortly thereafter, Trustee retained substitute counsel, pursuant to this Court's order [Dkt. 70] to assist and represent her in the collection efforts. Despite the Trustee's repeated requests for turnover of the settlement proceeds, the Debtor failed to comply with the terms of the court-approved settlement.  Further, Debtor now claimed that the oral agreement which served as the basis of the settlement was not valid. On February 1, 2019, the Trustee issued a final demand to the Debtor for a turnover of the settlement proceeds by a date certain or the Trustee would file a motion to compel the Debtor to turnover funds in excess of $61,000.00 (i.e. the full value of the commission check less withholding and his ex-spouse's share).  When the Debtor failed to deliver a check to the Trustee by the required date, the Trustee filed a motion to compel which was scheduled for hearing on March 1 2019.  Then, on February 28, 2019, the Debtor delivered a cashier's check to the Trustee in the full amount of the settlement, i.e. $35.000.00 and the Trustee subsequently withdrew her motion to compel.  Trustee confirmed with her accountants that Estate tax returns were not required to be filed; Trustee verified the validity of the claims filed against the Estate; and prepared her TFR.

September 30, 2018: Shortly after the commencement of this case, Debtor received a commission check from his employer in the approximate amount of $77,000.00 which was net of withholding tax and the Debtor's customary retirement contribution.  After payment to the Debtor's ex-spouse of her share pursuant to a marital settlement agreement, the remaining  proceeds of the Check was approximately $55,000.00.  Trustee believed the majority of the proceeds of the Check were property of the Estate.  The Debtor disputed the proceeds were property of the Estate.  Trustee and Debtor negotiated an agreement to resolve their disputes pursuant to which the Debtor agreed to pay the Estate $35.000.00 and waive any exemption against the settlement proceeds.  The Trustee's motion to settle was approved on 10/19/18 with no objections. Complaint to object to debtor's discharge filed by Patrick Layng on 10/29/18. Settlement proceeds due no later than 10/29/18 per Court Order (Dkt. #61) not received by TR.  Future collectibility of settlement proceeds uncertain in light of adversary proceeding.  TR will continue collection efforts and monitor adversary proceeding.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: 17-36070 | Judge: Janet S. Baer | Trustee Name: Elizabeth C Berg |
| Case Name: Parker Jr., Gary L | | Date Filed (f) or Converted (c): 12/04/2017 (f) |
| | | 341(a) Meeting Date: 01/08/2018 |
| For Period Ending: 03/14/2019 | | Claims Bar Date: 12/11/2018 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

**Initial Projected Date of Final Report(TFR) :** 03/15/2019     **Current Projected Date of Final Report(TFR) :** 12/31/2019

**Trustee's Signature**     /s/Elizabeth C Berg          **Date:** 03/13/2019
Elizabeth C Berg
P. O. Box 2399
Glen Ellyn, IL 60138-2399
Phone : (312) 726-8150

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 17-36070 | Trustee Name: | Elizabeth C Berg |
| --- | --- | --- | --- |
| Case Name: | Parker Jr., Gary L | Bank Name: | Texas Capital Bank |
| | | Account Number/CD#: | ******9766 Checking Account |
| Taxpayer ID No: | **-***4537 | Blanket bond (per case limit): | 5,000,000.00 |
| For Period Ending: | 3/14/2019 | Separate bond (if applicable): | 0.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 03/01/2019 | [17] | Gary Parker c/o Chase Bank Cashier's Check | Settlement funds per order 10/19/18 [Dkt. 61] | 1229-000 | 35,000.00 | | 35,000.00 |
| | | | Page Subtotals | | 35,000.00 | 0.00 | |

| | | | |
| --- | --- | --- | --- |
| **COLUMN TOTALS** | | 35,000.00 | 0.00 |
| Less: Bank Transfer/CD's | | 0.00 | 0.00 |
| **SUBTOTALS** | | 35,000.00 | 0.00 |
| Less: Payments to Debtors | | | 0.00 |
| **Net** | | 35,000.00 | 0.00 |

| | | |
| --- | --- | --- |
| All Accounts Gross Receipts: | 35,000.00 | |
| All Accounts Gross Disbursements: | 0.00 | |
| All Accounts Net: | 35,000.00 | |

| TOTAL-ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
| --- | --- | --- | --- |
| ******9766 Checking Account | 35,000.00 | 0.00 | |
| **Net Totals** | 35,000.00 | 0.00 | 35,000.00 |

UST Form 101-7-TFR (5/1/2011) (Page 6) **Exhibit B**

| Case: 17-36070 | | | | | | Elizabeth C Berg |
|---|---|---|---|---|---|---|
| Parker Jr., Gary L | | | | | | CLAIMS REGISTER |
| | | | | | | EXHIBIT C Page 1 |

Claims Bar Date: 12/11/18    Government Bar Date: 12/11/18

| Claim No. | Creditors | UTC | Scheduled | Claimed | Allowed | Paid | Balance |
|---|---|---|---|---|---|---|---|
| | Elizabeth C. Berg, Trustee<br>PO Box 2399<br>Glen Ellyn, IL 60138-2399 | 2100<br>ADMIN | 0.00 | 4,250.00 | 4,250.00 | 0.00 | 4,250.00 |
| | Trustee Final Compensation | | | | | | |
| | Elizabeth C. Berg, Trustee<br>PO Box 2399<br>Glen Ellyn, IL 60138-2399 | 2200<br>ADMIN | 0.00 | 5.00 | 5.00 | 0.00 | 5.00 |
| | Trustee expenses | | | | | | |
| | Baldi Berg, Ltd.<br>PO Box 2399<br>Glen Ellyn, IL 60138-2399 | 3210<br>ADMIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Trustee retained BB as her attorneys per order dated October 1, 2018 [Dkt. 59]. On January 7, 2019, pursuant to this Court's order [Dkt. 70], BB withdrew as Trustee's counsel and substitute counsel was retained. Prior to filing this TFR, BB notified Trustee that it will not seek any compensation for its services on behalf of the Trustee in this case. | | | | | | |
| | Kokoszka & Janczur, P.C<br>19 South LaSalle Street<br>Suite 1201<br>Chicago, IL 60603-1419 | 3220<br>ADMIN | 0.00 | 4,000.00 | 4,000.00 | 0.00 | 4,000.00 |
| | Trustee's substitute attorneys' fees | | | | | | |
| | Kokoszka & Janczur, P.C<br>19 South LaSalle Street<br>Suite 1201<br>Chicago, IL 60603-1419 | 3220<br>ADMIN | 0.00 | 7.54 | 7.54 | 0.00 | 7.54 |
| | Trustee's substitute attorneys' expenses | | | | | | |
| | Kutchins, Robbins &<br>35 E Wacker Dr<br>Suite 1550<br>Chicago, IL 60601 | 3410<br>ADMIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Trustee retained accountants per order dated October 1, 2018 [Dkt. 60]. Upon recovering all of the assets of value in the Estate, KRD advised Trustee that Estate tax returns were not required to be filed in this case. Further, KRD notified the Trustee that it had not performed services on behalf of the Trustee in this case for which it would seek payment of compensation. | | | | | | |
| **ADMINISTRATIVE TOTAL** | | | **0.00** | **8,262.54** | **8,262.54** | **0.00** | **8,262.54** |

Case: 17-36070  
Parker Jr., Gary L  

Elizabeth C Berg  
CLAIMS REGISTER  
EXHIBIT C Page 2

Claims Bar Date: 12/11/18   Government Bar Date: 12/11/18

| Claim No. | Creditors | UTC | Scheduled | Claimed | Allowed | Paid | Balance |
|---|---|---|---:|---:|---:|---:|---:|
| 00001 | BMW Bank of North America<br>c/o AIS Portfolio Serv<br>4515 N Santa Fe Ave.<br>Dept. APS<br>Oklahoma City, OK 73118<br>Filed: 09/28/18<br>Claim amended (2/27/19) to assert unsecured claim for deficiency balance | 7100<br>UNSEC | 0.00 | 20,389.33 | 20,389.33 | 0.00 | 20,389.33 |
| 00002 | Chase Bank USA, N.A.<br> c/o Robertson, Anschutz & Schneid, P.L<br>6409 Congress Ave Ste 100<br>Boca Raton, FL 33487<br>Filed: 10/19/18 | 7100<br>UNSEC | 0.00 | 31,012.43 | 31,012.43 | 0.00 | 31,012.43 |
| 00003 | PYOD, LLC assignee of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602<br>Filed: 10/22/18 | 7100<br>UNSEC | 0.00 | 23,428.14 | 23,428.14 | 0.00 | 23,428.14 |
| 00004 | Chase Bank USA, N.A.<br> c/o Robertson, Anschutz & Schneid, P.L<br>6409 Congress Ave Ste 100<br>Boca Raton, FL 33487<br>Filed: 11/06/18 | 7100<br>UNSEC | 0.00 | 15,317.17 | 15,317.17 | 0.00 | 15,317.17 |
| **UNSECURED TOTAL** | | | **0.00** | **90,147.07** | **90,147.07** | **0.00** | **90,147.07** |
| **REPORT TOTALS** | | | **0.00** | **98,409.61** | **98,409.61** | **0.00** | **98,409.61** |

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 17-36070
Case Name: Parker Jr., Gary L

Trustee Name: Elizabeth C Berg

| | |
|---|---:|
| Balance on Hand | $35,000.00 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee, Fees: Elizabeth C. Berg, Trustee | $ 4,250.00 | $ 0.00 | $ 4,250.00 |
| Trustee, Expenses: Elizabeth C. Berg, Trustee | $ 5.00 | $ 0.00 | $ 5.00 |
| Attorney for Trustee, Fees: Baldi Berg, Ltd. | $ 0.00 | $ 0.00 | $ 0.00 |
| Attorney for Trustee, Expenses: Kokoszka & Janczur, P.C | $ 4,000.00 | $ 0.00 | $ 4,000.00 |
| Attorney for Trustee, Expenses: Kokoszka & Janczur, P.C | $ 7.54 | $ 0.00 | $ 7.54 |
| Accountant for Trustee, Fees: Kutchins, Robbins & Diamond | $ 0.00 | $ 0.00 | $ 0.00 |

| | |
|---|---:|
| Total to be paid for chapter 7 administrative expenses | $ 8,262.54 |
| Remaining Balance | $ 26,737.46 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed Priority Claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $90,147.07 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 29.7 %, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 00001 | BMW Bank of North America | $ 20,389.33 | $ 0.00 | $ 6,047.44 |
| 00002 | Chase Bank USA, N.A. | $ 31,012.43 | $ 0.00 | $ 9,198.24 |
| 00003 | PYOD, LLC assignee of | $ 23,428.14 | $ 0.00 | $ 6,948.75 |
| 00004 | Chase Bank USA, N.A. | $ 15,317.17 | $ 0.00 | $ 4,543.03 |
| Total to be paid to timely general unsecured creditors | | | | $ 26,737.46 |
| Remaining Balance | | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0 %, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 %, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE